UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID WESLEY WATKINS, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO.   CR05-391 RSM <br><br> DETENTION ORDER |

Offense charged:

    Conspiracy to Distribute Controlled Substances, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846.

Date of Detention Hearing: November 23, 2005.

    The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Ron Friedman and Rich Cohen. The defendant was represented by Walter Palmer.

    The Government filed a Motion for Detention, to which the defendant stipulated.

DETENTION ORDER
PAGE -1-

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

 (a) The defendant poses a risk of nonappearance as he has an extensive history of noncompliance with court orders, probation violations, and numerous failures to appear.

 (b) The Court views the defendant to be a risk of danger based on his extensive and often violent criminal history and the nature of the instant offense. The proffer by the Government discloses evidence on the court-authorized wiretap recordings where the defendant suggests, on two separate occasions, using violence as a means of enforcing drug debts. Moreover, the concern of danger is magnified given the current active No Contact Order lodged against the defendant.

 (c) The defendant stipulated to detention.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

DETENTION ORDER
PAGE -2-

**It is therefore ORDERED**:

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 28 day of November, 2005.

MONICA J. BENTON
United States Magistrate Judge